AYRES, Judge
(dissenting).
The conclusion, to me, is inescapable that the State of Louisiana, through the Department of Public Welfare, was remiss in its duties in the first instance in approving the Bradford home as a foster home for the placement of children entrusted to the Department. Moreover, from subsequent events established by the record, it appears most reasonable to conclude that the Department’s designation of the Bradford home as a foster home for neglected children was not preceded by or based upon an adequate investigation of either the Bradfords or their home.
The record discloses a failure on the part of the Department and of its agents and workers to make appropriate visitations to the Bradford home to determine the wel *100 fare of the children committed thereto, or even to cause to be made regular medical examinations as required by the regulations adopted by the Department as a minimum of care for its own guidance as well as for the minimum standards to be performed by its employees. In this respect, it may be pointed out that of the four Vonner children committed to this home, the two oldest ran away on at least three occasions. On inquiries made by the Department of these two children upon their apprehension, they accounted for their conduct in leaving the home by accusing their foster mother of unmerciful beatings in the infliction of corporeal punishment. The children’s report was discounted and disbelieved. However, following the death of the 5-year-old child, caused by the foster mother’s infliction of corporeal punishment, a physical examination of one of the other children disclosed fractures and breakage of bones.
The record reveals that more than three months prior to the child’s death had elapsed without the visit of a welfare worker to the foster home, and that 171/2 months had elapsed since the last examination of the children. By the rules of the Department, annual physical examinations of the children were required as were visits to the foster home, at least once every two months.. The purpose for compliance with the rules and regulations was to prevent the occurrence of what happened in this case. The failure to visit the home regularly or to have made regular examinations of the children greatly multiplied the chances of abuse of the children.
Proof of the failure in all the aforesaid particulars is sufficient, in my opinion, to show causation.
For these reasons, it appears to me there was a serious dereliction of duty on the part of the Department for which I think it should be cast in damages.
Therefore, I respectfully dissent.